Mittel v Beth Din of the United States of Am., Inc.

2026 NY Slip Op 03076

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Yitzchok Mittel, et al., Plaintiffs-Appellants,

v

The Beth Din of the United States of America, Inc., et al., Defendants-Respondents.

Decided and Entered: May 14, 2026

Index No. 655814/21|Appeal No. 6637|Case No. 2025-00364|

Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

Sarfaty & Associates, P.C., Monsey (Jason Lowe of counsel), for appellants.

Cohen Vaughan LLP, New York (Christopher F. Lyon of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Judy H. Kim, J.), entered December 13, 2024, which granted defendants' motion to dismiss the amended complaint and denied plaintiffs' motion for sanctions under 22 NYCRR 130-1.1, unanimously affirmed, without costs.

Supreme Court correctly concluded that the documentary evidence, including the Beth Din rules and procedures incorporated by reference and agreed to by plaintiffs in their arbitration agreement, conferred immunity on both the Beth Din and the individual arbitrator defendants (see Brady v Williams Capital Group, L.P., 64 AD3d 127, 132 [1st Dept 2009], affd as modified 14 NY3d 459 [2010]). Section 33(d) of the Beth Din rules and procedures expressly provided that the parties to the arbitration agreement "consented that neither the Beth Din of America nor any arbitrator shall be liable to any party in any action for damages . . . for any act or omission in connection with any arbitration under these rules." The confession of judgment, which defendant Yoni's Food LLC agreed to execute under the settlement agreement negotiated by the arbitrators, was an issue "in connection with" the arbitration; thus, defendants' allegedly wrongful conduct in connection with the confession of judgment were included within the aegis of the immunity. Moreover, the arbitrators were also immune from liability for acts performed in their arbitral capacity, even when those acts were taken in excess of their authority (see Pinkesz Mut. Holdings, LLC v Pinkesz, 139 AD3d 1032, 1033-1034 [2d Dept 2016]).

Supreme Court properly dismissed plaintiffs' third cause of action. Although that cause of action never identifies the legal theory being asserted, plaintiffs' opposition to the motion to dismiss characterized the cause of action, for the first time, as one for violation of the New Jersey Consumer Fraud Act (NJ Stat Ann 56:8-2). Even putting aside the impropriety of plaintiffs' post hoc effort to recast the cause of action as an NJCFA claim, the NJCFA does not apply to learned professionals such as attorneys and arbitral tribunals when they are performing professional services, as defendants did when they were acting as arbitrators (see e.g. Cohen v Wolpoff & Abramson, 2008 WL 4513569, *9, 2008 US Dist LEXIS 77051, *23-24 [D NJ, Oct. 1, 2008]; Macedo v Dello Russo, 178 NJ 340, 345-346 [2004]).

Plaintiffs have provided no basis for either Supreme Court or this Court to grant leave to serve a second amended complaint. They provided no proposed pleading, nor did they allege any new facts that would overcome the deficiencies in the amended complaint (see Pollak v Moore, 85 AD3d 578, 579 [1st Dept 2011]).

[*2]

Finally, Supreme Court providently exercised its discretion in denying plaintiff's cross-motion for sanctions. To the extent that the challenged conduct involved "material factual statements that are false" (22 NYCRR 130-1.1 [c] [3]), there was evidence in prior motion practice to support counsel's assertions. This evidence supports Supreme Court's finding that discretionary sanctions were unwarranted (see FX Funding LLC v Fox RX Inc., 201 AD3d 519, 519-520 [1st Dept 2022]).

We have considered plaintiffs' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026